IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:16-CR-331 |
| vs. | |
| BERNARDO WILLIAMS-JAUREGUI, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the presentence investigation report and addendum in this case. There are no motions for departure or variance. The defendant has objected to the presentence report. Filing 247.

IT IS ORDERED:

1.  The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions that require resolution at sentencing. The defendant has objected to the presentence report's determination of the drug quantity attributable to the defendant, arguing that he was unaware of a large shipment of drugs attributed to the conspiracy. Filing 247 at 1.

For purposes of calculating drug quantity in a drug conspiracy case, the Court may consider amounts from drug transactions in which the defendant was not directly involved if those dealings were part of the same course of conduct or scheme—specifically,

the Court may consider all transactions known or reasonably foreseeable to the defendant that were made in furtherance of the conspiracy. *United States v. Colton*, 742 F.3d 345, 349 (8th Cir. 2014). And the government bears the burden of proving the facts that support drug quantity by a preponderance of the evidence. *United States v. Mannings*, 850 F.3d 404, 408 (8th Cir. 2017). Accordingly, the Court will resolve this objection on the evidence presented at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become

final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 30th day of May, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge